PETER YOST *vs.* BOARD OF COUNTY COMMISSIONERS OF SCOTT COUNTY.

January 10, 1879.

Compensation of County Treasurer.—A county treasurer, required, under Laws 1877, *c.* 97, by a board of county commissioners, to visit certain localities in the county, for the collection of taxes, is not entitled to an allowance from the county for money paid out by him for board or travelling expenses, or for clerk-hire necessarily employed by him, in complying with such requirement.

Appeal by defendant from an order of the district court for Scott county, *Macdonald,* J., presiding, overruling a demurrer to the complaint.

*H. J. Peck,* for appellant.

*E. Southworth,* for respondent.

BERRY, J.   The plaintiff was treasurer of Scott county, and as such was, under Laws 1877, *c.* 97, required by the board of county commissioners to "visit" certain "localities" in the county, for the collection of taxes. In making the required visits, he necessarily paid out certain sums of money for board and travelling expenses, and also necessarily employed and paid a clerk to assist him in receiving taxes. For the sums so paid, he presented a bill to the county board, which allowed the items for board and travelling expenses, and disallowed the item for clerk-hire. The county attorney appealed from the allowance, to the district court, which seems to have determined that the plaintiff was entitled to be allowed his board and travelling expenses, and also for clerk-hire, though we do not see how the matter of clerk-hire was before the court, inasmuch as the plaintiff does not appear to have taken any appeal from its disallowance. From the

determination of the district court, the county appeals to this court. The decision of the appeal depends upon the construction of Laws 1877, *c.* 120, § 3; Gen. St. 1878, *c.* 8, § 172 (150,) the material provisions of which are these, viz.: "The county treasurer shall be allowed, at the time of his settlement, all sums paid by him for printing such advertisements as he is required, at the rates prescribed by law, and all the sums paid by him for blank books and stationery necessarily used in his office, and shall receive for his services" certain percentages proportioned to the amount of his collections: "*provided*, that no treasurer shall receive more than twelve hundred dollars for his personal services in any one year, in counties where the valuation of taxable property is less than $4,000,000, nor more than $1,500 in counties where it exceeds $4,000,000, and does not exceed $6,000,0 )0; nor more than $2,000 where such valuation exceeds $8,000,000, and does not exceed $10,000,000; * * * and all moneys received as fees or percentage, in excess of amount provided for in this act, shall be paid by the county treasurer, at the end of each year, into the revenue fund of the county."

The office of county treasurer being created by statute, and the compensation of its incumbent wholly regulated thereby, the plain meaning and effect of these provisions is this: The county treasurer, in his settlement with the proper authorities, is to be allowed for two things only; *first*, for his *expenditures* for the advertising, blank books and stationery mentioned; *second*, for his certain specified fees and percentages (within a prescribed limit) for his *services* in receiving, collecting and disbursing the moneys which it is his official duty to receive, collect or disburse. The law authorizes no allowance or compensation to him for anything else. The expenditures for which he is to be allowed are specified; and this excludes the allowance of any other expenditures, of whatever nature. The word "services" is evidently used to include all the labor of performing the duties of treasurer, in receiving, collecting and disbursing as above mentioned, whether such

labor be performed by the treasurer himself, or by a deputy or clerk, and all the expenditures incidental to such performance, save those of which the statute specifically directs the allowance.

A county treasurer is no more entitled to be allowed for his expenditures for board, travelling expenses or clerk-hire when visiting other "localities" than the county seat, for the purpose of making collections, than he would be for like expenditures at the county seat itself. The phrase "personal services" is evidently used by the statute as referring to the before-mentioned "services" of the treasurer, as distinguished from the *expenditures* which were specified as proper subjects of allowance. From these considerations and conclusions, it follows that the plaintiff is not entitled to be allowed for any part of the bill presented by him to the county board.

Order reversed.