## The People, ex rel. Charles F. Easterday, Plaintiff in Error, v. James S. McCullough, Defendant in Error.

1. STATUTORY LAW—*when repeal by implication effected.* When a statute completely revises the subject-matter of an existing statute and provides a new and different system for the control and government of such subject-matter, the latter act repeals the former by implication, and the provisions of the new act must prevail as a substitute for the provision of the former one, and this is so even though there is no inconsistency or repugnancy between the provisions of the two acts.

2. SCHOOLS—*what allowances to county superintendent not authorized by act of 1905.* Allowance for the expenses of a county superintendent of schools incurred in visitations provided for by the act of 1889 is repealed by the act of 1905.

3. FEES AND SALARIES—*when compensation inclusive of expenses.* Where compensation for the services of a public official is provided and no provision is made for his expenses incurred in rendering such services, such expenses as are incidental to the services are to be regarded as a part thereof and as covered by the compensation specified.

Mandamus. Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

BROWN & BURNSIDE, plaintiff in error.

W. H. STEAD, JOEL C. FITCH and CHARLES E. WOOD-
WARD, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of
the court.

This is a petition filed on the relation of C. F.
Easterday praying that the writ of *mandamus* issue
against the auditor of public accounts directing him
to issue a warrant to the relator in payment of $41
as expenses incurred in visiting schools while acting
as county superintendent of schools of Fayette county.
The petition alleges that the relator was duly elected
to the office of county superintendent of schools of
said county; that during the quarter year ending
March 3, 1907, he had visited schools 41 days in his
official capacity; that he had made the required re-
port to the county board of Fayette county and that
his bill of $41 was duly audited and allowed and was
duly certified by the county clerk to the state auditor;
that at the time the said bill was so certified to said
auditor there was in the state treasury sufficient
amount of the state school fund apportioned to Fay-
ette county to pay said bill and that the auditor re-
fused to execute his warrant for the payment of said
bill. A general demurrer was interposed by the de-
fendant to the petition, which was sustained by the
court. The relator elected to stand by the petition,
whereupon the court entered judgment dismissing the
same and the petitioner sued out this writ of error.

The questions presented by the assignments of er-
ror involve the construction of the various statutes
relating to the payment of compensation and expenses
to the county superintendent of schools in this state.

In 1872, section 27 of the Fees and Salaries Act was
adopted, providing that "The fees of county superin-
tendents of schools shall be as follows: Three per
cent. commissions upon the amount of sales of school
lands, or of sales of land upon mortgage, or sales of
real estate taken for debt, including all services con-

nected therewith. Two per cent. commission upon all sums distributed, paid or loaned out by them for the support of schools. For all other duties required by law to be performed by them for such number of days as may be designated by the county board, in counties of first and second class, the sum of $4 per day; in counties of the third class, the county superintendent of schools shall be paid $8 per day, provided, that the entire compensation received by him shall not exceed the sum of $3,000 per annum.''

In 1889, section II of article 2 of the School Act was adopted, providing that ''County superintendents shall receive in full, for all services rendered by them, commissions as follows: Three per cent. commissions upon the amount of sales of school lands, or of sales of land upon mortgage, or sales of real estate taken for debt, including all services connected therewith. Two per cent. commission upon all sums distributed, paid or loaned out by them for the support of schools. For all other duties required by law to be performed by them, four dollars ($4) a day for such number of days as shall be spent in the actual performance of their duties, not exceeding the number fixed by the county boards in counties in which the boards are given power to fix the number of days by section 9 of this Article of this Act, and one dollar a day for expenses for the number of days actually spent in school visitation.''

In 1905 an act was passed amending section 27 of the Fees and Salaries Act so as to read as follows: ''County superintendents elected hereafter shall receive in full for all services rendered by them, in counties of the first class, twelve hundred and fifty dollars per annum; in counties of the second class sixteen hundred and fifty dollars per annum; in counties of the third class, seventy-five hundred dollars per annum; payable quarterly from the State school fund; provided, however, that the board of supervisors or board of county commissioners may allow additional

compensation for such services, payable quarterly from the county treasury. The auditor, in making his warrant to any county for the amount due it from the state school fund, shall deduct from it the several amounts for which warrants have been issued to the county superintendent of said county, since the next preceding apportionment of the state school fund.''

Plaintiff in error contends that the last clause of the section in the act of 1889, ''and one dollar a day for expenses for the number of days actually spent in school visitation'' was not repealed by implication by the act of 1905, while defendant in error insists that the act of 1905 takes the place of all former legislation on the subject.

It is well established that when a statute completely revises the subject-matter of an existing statute and provides a new and different system for the control and government of such subject-matter, the latter act repeals the former by implication, and the provisions of the new act must prevail as a substitute for the provision of the former one, and this is so even though there is no inconsistency or repugnancy between the provisions of the two acts. I. & M. Canal v. City, 14 Ill. 334; People v. Town of Thornton, 186 Ill. 162; State Board v. Ross, 191 Ill. 91.

We are of the opinion that the act of 1905 quoted was intended by the legislature to be a complete revision of the subject of compensation of county superintendents of schools, and that it is obviously intended thereby to fix such gross sums to be paid in the several classes of counties, as will not only compensate such officials for services performed but to cover as well the expenses necessarily incident to such services. That such intention existed is evidenced by the use of the words ''in full for all services rendered by them'' and the fact that the language of the former acts is retained in the act of 1905 except in so far as the provision for a *per diem*, expenses of visitation and the auditing of claims therefor by the county

board, all of which are discarded, and the provisions for fixed salaries substituted. If the legislature intended that the allowance for the expenses incurred in visiting schools should remain in force, it would have unquestionably so provided at the time when the subject of a new and complete scheme of compensation was doubtless under consideration. We recognize the etymological distinction between the words "compensation" and "expenses" urged by counsel. It is the law, however, that where the compensation for the services of a public official is provided and no provision is made for his expenses incurred in rendering such services, such expenses as are incidental to the services are to be regarded as a part thereof and as covered by the compensation specified. Yost Co. v. Scott, 25 Minn. 366.

The action of the Circuit Court in sustaining the demurrer to the petition was therefore proper and the judgment is affirmed.

*Affirmed.*