ESTATE OF JOSEPH H. HEIDT, DECEASED, LOUISE SEELEY, EXECU-
TRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT.

Docket No. 5802. Promulgated May 6, 1947.

*Ralph W. Smith, Esq.*, and *John Moore Robinson, Esq.*, for the petitioner.

*H. A. Melville, Esq.*, for the respondent.

OPINION.

HARLAN, *Judge*: The respondent contends that the petitioner has failed to prove that any amount was contributed by the surviving spouse to the eight items of jointly held property set out in our findings of fact and, therefore, having failed to meet her statutory burden of proof, the entire value of such properties at the time of decedent's death must be included in the gross estate under section 811 (e) of the Internal Revenue Code,[1] as amended by section 402 of the Revenue Act of 1942.

The petitioner contends that the surviving spouse contributed to the acquisition of the jointly held properties certain funds that were ac-

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

* * * * * * *

(e) JOINT AND COMMUNITY INTERESTS.—

(1) JOINT INTERESTS.—To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have been originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth : Provided, That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person : Provided further, That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy by the entirety by the decedent and spouse, then to the extent of one-half of the value thereof, or, where so acquired by the decedent and any other person as joint tenants and their interests are not otherwise specified or fixed by law, then to the extent of the value of a fractional part to be determined by dividing the value of the property by the number of joint tenants.

(2) COMMUNITY INTERESTS.—To the extent of the interest therein held as community property by the decedent and surviving spouse under the law of any State, Territory, or possession of the United States, or any foreign country, except such part thereof as may be shown to have been received as compensation for personal services actually rendered by the surviving spouse or derived originally from such compensation or from separate property of the surviving spouse. In no case shall such interest included in the gross estate of the decedent be less than the value of such part of the community property as was subject to the decedent's power of testamentary disposition.

quired as the result of her personal services and the investment and reinvestment of her separate property. She especially contends that the surviving spouse furnished all the consideration for item 1, the North Ridge Ranch, and item 5, the joint note from the Japanese, and, therefore, the value of these items should be excluded from the gross estate of the decedent in their entirety. As to the remaining items in dispute, the petitioner contends they were acquired either from the separate property of the surviving spouse or from the community property derived or acquired through the personal efforts of the surviving spouse and, therefore, at least one-half thereof should be excluded from the gross estate, since not to exceed one-half was subject to the testamentary disposition of the decedent.

The merit of these contentions can not be accurately appraised without some inquiry as to the nature of the consideration furnished by either spouse for their respective interests in the jointly held property.

The question resolves itself into one of fact and the evidence before us is, in the most part, very unsatisfactory. This situation is due primarily to the fact that the principal witness was somewhat advanced in years and the transactions involved covered a period of almost fifty years, a situation that would tax the memory of any witness. In our findings we have included the facts that appear from the record as a whole. Apparently inconsistent statements have been resolved in the light of the whole record and all the surrounding circumstances.

In determining whether the petitioner has met her burden of proof we must keep in mind the requirements of the statute under which the question here arises. Section 811 (e) (1) of the code, as amended by the 1942 Act, requires that there shall be included in the gross estate for estate tax purposes the entire value of the property held by the decedent and any other person as joint tenants, except such part thereof "as may be shown" to have originally belonged to such other person or acquired from the decedent for an adequate and full consideration in money or money's worth.

In 1942 Congress adopted the amendment to section 811 of the Internal Revenue Code, section 811 (e) (2), designed to eliminate what was believed to be an unequal distribution of the tax burdens of estate taxes and to apply to community property the principles of estate taxes which had already been applied to other forms of joint ownership on the death of either of the joint owners. See *Fernandez* v. *Wiener*, 326 U. S. 340, 350. The amendment included in the gross estate all of the interest held as community property by decedent and the surviving spouse, "except such part thereof as may be shown to have been received as compensation for personal services actually

rendered by the surviving spouse or derived originally from such compensation or from separate property of the surviving spouse." Obviously, under the amendment property "excepted" as compensation for personal services actually rendered, or acquired by such compensation, is treated as having been received or acquired for "an adequate and full consideration in money or money's worth," as used in section 811 (e) (1), applicable to joint tenancies.

The decedent and his wife were married in California and resided there until his death. Under the laws of that state, secs. 162 and 163, Civil Code of California, 1941 Ed., all property of either spouse owned before marriage and that acquired thereafter by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is his or her separate property, and all other property acquired after marriage by either spouse while domiciled in the state is community property, with certain limitations not material here, sec. 164, C. C. C. Under the laws of that state, sec. 161, C. C. C., a husband and wife may also hold property as joint tenants, and such property may consist of community property transferred to themselves when expressly declared in the transfer to be a joint tenancy.

It is obvious, therefore, that where a husband and wife, in the State of California, acquire property as joint tenants the consideration paid therefor may consist of community property (which may include compensation for personal services), the separate property of either or both spouses, or part community property and part separate property.

The applicable regulations are: Regulations 105, section 81.22, as amended by T. D. 5239, C. B. 1943, p. 1085, but cf. the rule previously applicable as briefly stated in *Estate of Paul M. Vandenhoeck*, 4 T. C. 125. Section 81.22, as amended, of the above regulations provides in part, as follows:

For the purpose of determining the taxable portion in accordance with the above rules in the gross estate of decedent who died after October 21, 1942, where the joint tenancy or tenancy by the entirety was created by the transfer of property held as community property by such decedent and his spouse such decedent is considered as the original owner of all the community property so transferred, except such part thereof as may be shown to have been received as compensation for personal services rendered by his spouse or derived originally from such compensation or from such separate property of such spouse. Thus, if in the case of a decedent who died after October 21, 1942, property held as community property by such decedent and his spouse was transferred to themselves as joint tenants or as tenants by the entirety, the entire value of such property at the time of decedent's death is includible in his gross estate with the exception stated in the preceding sentence. With respect to the meaning of property derived originally from such compensation or from separate property of the spouse and to the identification required, see section 81.23.

The purpose of the foregoing amendment to section 81.22 of Regulations 105 was to bring it in harmony with section 81.23, relating to the inclusion in decedent's estate of community property owned at the time of his death as provided in section 811 (e) (2) of the code, enacted in the Revenue Act of 1942. The regulation above set out is thus attempting to correlate the rules governing property held jointly or by the entirety with the "Federal tax law" of community ownership. For example, if community property is attributable solely to the earnings or separate property of the husband who predeceases his spouse, the entire property is now includible in his gross estate. The regulations add that if the spouses transform their community ownership into a joint tenancy, the entire property is also taxed as part of the husband's estate.

In other words, the wife's former interest in the community property is not regarded as property originally belonging to her. Decedent died November 22, 1942. Therefore section 81.22 of Regulations 105, as amended, quoted above, is applicable to this proceeding. So far as we can see, it is a reasonable regulation, and we shall therefore endeavor to apply it to the facts as detailed in our findings of fact. It is obviously necessary that the taxpayer identify the proportion of joint property which he seeks to exclude from the gross estate as derived originally from "compensation for personal services actually performed" or from "separate property" if the intendment of the statute is to be carried out.

It is, therefore, incumbent on petitioner to show that the portion of the consideration furnished by the surviving spouse for the joint property which she seeks to exclude from decedent's gross estate was derived from compensation for personal services actually rendered by the surviving spouse or from her separate property in order to bring the claimed exclusion within the statute.

The record shows that the decedent owned no property at the time of his marriage, and that he acquired no property thereafter by gift, devise, or inheritance. It is presumed, therefore, that all of the property he acquired during marriage was community property. The decedent's wife, on the other hand, had about $1,500 when she was married and received thereafter, as a wedding present from her parents, the house in Colton, and, somewhat later, gifts aggregating $1,200. This was her separate property. Of the $1,500, $1,000 was advanced to her husband, the decedent, to start in business, and the balance of her separate property was used for household decorations and to acquire real estate. Thereafter by trading, buying, building, and renting real property and by investing accumulated profits, decedent's wife acquired considerable property, some of which was carried

in her own name and some of which was in the joint names of herself and the decedent, but all of it so commingled that it is impossible from the evidence to trace either her separate property or that acquired by personal services.

It is true that as to items 1, 3, and 6, we have found that decedent's wife made contributions in the respective amounts of $9,000, $15,000, and $10,000. It may be that if we were concerned only with a joint tenancy in a noncommunity property state the evidence before us would be sufficient to meet petitioner's burden of proof as to these items. Cf. *Richardson* v. *Helvering*, 80 Fed. (2d) 548, and see *Berkowitz* v. *Commissioner*, 108 Fed. (2d) 319. In the latter case the court held that it was the ownership of profits that was the controlling question and that there was an agreement to share profits. In the instant case the profits from the efforts of both decedent and his wife were the community property of both. Only a portion of it, i. e., the part that is shown to be derived from personal services actually rendered, is to be considered to represent "money or money's worth" within the meaning of section 811 (e) (1).

As to item 1, the record shows that the $9,000 which the surviving spouse contributed to the purchase of the North Ridge Ranch was the price received for the Palm Springs property. But the Palm Springs property had been bought with cash accumulated from profits from the sale of different properties, some of which had apparently been held by the decedent and some by the surviving spouse. There is no evidence that any part of such consideration was derived from compensation for personal services actually rendered by the surviving spouse or from her separate property. The same situation existed as to item 3, except it appears that some part of the purchase price represented personal services. The surviving spouse testified that the money was accumulated from real estate transactions "and I worked." But there is no evidence as to what part of the $15,000 which she paid for one of the properties represented compensation for personal services and what part represented accumulations from real estate transactions. Item 6 was a joint bank account in the amount of $21,951.37. The surviving spouse testified that she had approximately $10,000 of her own funds deposited in this account. But here again there is no evidence that any part of such funds represented compensation for personal services actually rendered or the separate property of the surviving spouse. The surviving spouse testified that it came from rents and represented accumulated profits from business transactions, which would be community property includible in the gross estate, *Fernandez* v. *Wiener*, *supra*, unless shown to come within the statutory exception. As to items 1, 3, and 6, petitioner has not shown that she is entitled to

the exception claimed under section 811 (e) (1) of the Internal Revenue Code. To allow an exception from the gross estate under section 811 (e) (1) of community property includible therein under 811 (e) (2) would open up a field of tax evasion which, in our judgment, would defeat the very purpose of section 811 (e) (2).

As to items 2, 4, 5, 7, and 8, the petitioner has not clearly shown that the surviving spouse furnished any of the consideration for the property involved. Certainly there is no direct evidence that it was purchased, either in whole or in part, by her separate property or her personal earnings. Much of the evidence is vague and uncertain, but there is evidence that all of these items were purchased or acquired by the decedent and put in the joint names of himself and wife in order that the property would, upon the death of either, go to the survivor.

It is true that decedent's wife performed services in connection with the transactions in real estate which she carried on and that she invested, shortly after her marriage, separate property of the approximate value of $1,200, but it is also true that at the time of the decedent's death she owned and carried in her name considerable property, both real and personal, which was not included in the estate tax return. Whether or not this property represented her personal services or the original investment of her separate property does not appear. There is, however, no evidence in the record that she received any property by gift, devise, or descent after the house and $1,200 given her by her parents about the time of her marriage, as set out in our findings above, and there is no evidence of the value of the property which she held in her name at the time of decedent's death.

Upon the whole record, we find that the petitioner has failed to show that any part of the value of the eight items of jointly held property in question should be excluded from the gross estate of the decedent on account of consideration furnished by the surviving spouse. The determination of the respondent is therefore approved.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

Murdock, *J.*, dissenting: A portion of the value of items 1, 3, and 6 should be excluded from the decedent's gross estate because the findings show that parts of those jointly held properties originally belonged to the surviving spouse as a result of her personal efforts and had not been received or acquired by her from the decedent. There has been no failure of proof as to those parts and an allocation could easily be made. Cf. *Cohan* v. *Commissioner*, 39 Fed. (2d) 540.

Van Fossan and Leech, *JJ.*, agree with this dissent.