ESTATE OF FRANK D. NEUMANN, DECEASED, LOUISE J. NEUMANN, INDEPENDENT EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11383. Promulgated December 16, 1947.

*Wesley E. Seale, Esq.,* for the petitioner.
*John P. Higgins, Esq.,* for the respondent.

OPINION.

JOHNSON, *Judge*: Texas is a community property state and has been throughout its history, both as a state and a republic.

Prior to the enactment of the Revenue Act of 1942, in Texas, as in other community property states, upon the death of the husband or wife, where they owned community property, a Federal estate tax was levied only upon the one-half of such estate belonging to the deceased spouse. By section 402 (b) (2) of said act, now known as section

811 (e) (2) of the Internal Revenue Code,[1] the law was changed so that all property held as community property by decedent and the surviving spouse under the law of any community property state is taxable in its entirety to the decedent. The Supreme Court upheld the constitutionality of that act. *Fernandez* v. *Wiener*, 326 U. S. 340; *United States* v. *Henry Rompel, Jr.*, 326 U. S. 367. The only exception to this innovation in the law is contained in the act itself, in the following language:

> * * * except such part thereof as may be shown to have been received as compensation for personal services actually rendered by the surviving spouse or derived originally from such compensation or from separate property of the surviving spouse. * * *

It is this exception contained in the statute that we are called upon to construe and apply to the facts of this case.

Respondent cites decisions by Texas Courts of Civil Appeals holding that the personal earnings of either the husband or wife are community and not separate property. *Lilly* v. *Yeary*, 152 S. W. 823; *Barr* v. *Simpson*, 117 S .W. 1041. Unquestionably such is the law in Texas, see opinions by Texas Supreme Court, *Barr* v. *Barr*, 120 Tex. 61; 36 S. W. (2d) 152; *Arnold* v. *Leonard*, 118 Tex. 535; 273 S. W. 799.

All of the estate here involved was the community property of Frank D. Neumann and his surviving wife. Petitioner's right, if any, to prevail herein is not based on the ground that part of the estate was her separate property, but whether under the Federal statute all or any part thereof has been "shown to have been received as compensation for personal services actually rendered" by her "or derived originally from such compensation."

We agree with petitioner that the language "compensation received for personal services actually rendered" need not result from an employer-employee relationship. The language of the act does not justify such a narrow interpretation. Furthermore, that such was not the intention of Congress is evidenced from the report of. the Finance Committee of the Senate in reporting the bill to the Senate,

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

* * * * * * *

(e) JOINT AND COMMUNITY INTERESTS.—

(1) JOINT INTERESTS.—* * *

* * * * * * *

(2) COMMUNITY INTERESTS.—To the extent of the interest therein held as community property by the decedent and surviving spouse under the law of any State, Territory, or possession of the United States, or any foreign country, *except such part thereof as may be shown to have been received as compensation for personal services actually rendered by the surviving spouse or derived originally from such compensation* or from separate property of the surviving spouse. In no case shall such interest included in the gross estate of the decedent be less than the value of such part of the community property as was subject to the decedent's power of testamentary disposition. [Italics ours.]

wherein, in commenting upon the purpose of, and the effect upon those excepted from, the change in the law it said:

The amendments thus make due provision for the exclusion from the gross estate of that portion of the community property which is economically attributable to the survivor. * * *

In the light of this explanation it would appear that it was the intention of Congress to exempt from the estate tax that portion of the community property "economically attributable to the survivor."

"Personal services" means more than mere labor performed, and includes skill, science, and other work or management resulting from the service of a person. See *Hoyt* v. *White*, 46 N. H. 45; *Yost* v. *Scott County Commissioners*, 25 Minn. 366.

Under the law of Pennsylvania, where a married woman's earnings become her separate property, it was held that the wife's earnings need not be in the form of a salary, but could be a share of the profits from the business in which she was engaged. *Berkowitz* v. *Commissioner*, 108 Fed. (2d) 319.

In E. T. 20 (1947), Internal Revenue Bulletin No. 23, p. 15, the Commissioner, in interpreting section 811 (e) (2) of the Internal Revenue Code, ruled that, where the decedent and his surviving wife were engaged in a mercantile business in which the wife rendered regular, substantial, and gainful personal services, property of the marital community shown to have been economically attributable to her personal services in such business was "compensation for personal services actually rendered by the surviving spouse," and this would be so whether she was gainfully employed independently or in a joint enterprise. Furthermore, that the words "compensation" and "personal services" in the statute were used in a comprehensive sense and not restricted to salary or wages.

Was the money Mrs. Neumann accumulated from the operation of her boarding houses at Corpus Christi and Beaumont compensation for personal services actually rendered by her? We think so.

Running a boarding house is a well known American occupation. A vast majority of those so engaged are women, it being peculiarly a woman's work, since it is in a sense an enlargement of her household duties on a wholesale scale. The husband, if there be one, usually plays a minor role, as he did here. To be successful in the operation of a boarding house requires close application, hard and unremitting toil, a knowledge of the business, thrift, and good management. Mrs. Neumann apparently possessed and exercised all of these qualities in a marked degree. She necessarily had to actually render personal services, since she started from scratch without anything, and her phenomenal success could not have been attained without it. Furthermore, she was fortunate in the location for such a business, since Corpus

Christi and Beaumont were two of the most rapidly growing towns in the country.

We know of no work in which a woman can engage requiring a greater degree of personal service actually rendered by her than in the successful operation of a boarding house, and the $27,000 Mrs. Neumann accumulated therefrom was "economically attributable" to her under the statute.

Since this entire amount was invested in the purchase price of part of the farm owned at the time of Neumann's death and for valuable and permanent improvements thereon, we hold that to the extent of $27,000 the estate here involved was derived originally from compensation received by Mrs. Neumann for personal services actually rendered by her and is, therefore, not includible in the gross value of the estate.

The evidence does not warrant a finding, as contended by petitioner, that the entire estate was derived originally from this $27,000 and the farm in which it was invested. Petitioner has failed to trace all of the property of the estate to such original investment. Two hundred and sixty acres of the farm were purchased after the boarding house operations ceased, and petitioner has not shown what price was paid for this part of the farm nor the source from whence it was derived, and the same can be said as to the purchase price of the personal property. Petitioner has failed to meet the burden of proof incumbent upon her, except as to the sum of $27,000, and; since this amount is less than one-half of the value of the entire community estate, it will not be included in the gross value of the estate for estate tax purposes.

Reviewed by the Court.

*Decision will be entered under Rule 50.*