**STEEN v. UNITED STATES.**

No. 12853.

United States Court of Appeals
Ninth Circuit.

March 25, 1952.

George T. Altman, Los Angeles, Cal., for appellant.

Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott, George D. Webster, Irving Axelrad, Sp. Assts. to Atty. Gen., Department of Justice, Washington, D. C., Walter S. Binns, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, Ruth Forbes Steen, formerly Ruth Forbes McLeod, sole distributee of the estate of Norman A. McLeod, deceased, hereafter called decedent, brought an action against appellee, the United States, to re-

cover an overpayment of estate tax on decedent's estate. The parties agreed that the tax was overpaid, and that appellant was entitled to recover the overpayment, but they disagreed as to the amount thereof.

Appellant and decedent were married in California on October 5, 1934, and resided in California until decedent's death on May 12, 1946. At the time of decedent's death, certain property, hereafter called the joint property, was owned and held by appellant and decedent. Appellee contended that, in determining the value of decedent's gross estate for purposes of the tax, the value of the joint property at the time of his death was includible to the extent of the interest therein held by him and appellant; which is to say, appellee contended that the entire value of the joint property was includible. Appellant contended that the value of the joint property was includible only to the extent of the interest therein held by decedent, which she contended was a one-half interest.

It was stipulated that, if appellee's contention was correct, appellant should have judgment for $1,553.07, with interest, and that, if appellant's contention was correct, she should have judgment for $3,344.44. The District Court agreed with appellee and accordingly gave appellant judgment for $1,553.07, with interest. From that judgment appellant appeals, contending that it should have been for $3,344.44, with interest.

The question here is, To what extent was the value of the joint property at the time of decedent's death includible in determining the value of his gross estate for purposes of the tax?

■ It was stipulated that the joint property was acquired by appellant and decedent "with funds which consisted wholly of community property [1] and were accumu- lated by them as community property," but that, at the time of decedent's death, the joint property was held by appellant and decedent as joint tenants.[2] Thus, in effect, it was stipulated that the joint property was property which appellant and decedent had acquired as community property and had transferred to themselves as joint tenants.[3] No part of appellant's or decedent's interest in the joint property or in the funds with which the joint property was acquired was shown to have been received as compensation for personal services actually rendered by appellant. Instead, it was stipulated that "said funds in their entirety were derived originally from compensation for personal services actually rendered by the decedent during his said marriage to [appellant]." Therefore, in determining the value of decedent's gross estate for purposes of the tax, the value of the joint property at the time of his death was includible to the extent of the interest therein held by him and appellant; which is to say, the entire value of the joint property was includible. See § 811(e) of the Internal Revenue Code, as amended by § 402(b) of the Revenue Act of 1942;[4] § 81.22 of Treasury Regulations 105, as amended by Treasury Decision 5239,[5] March 10, 1943, 8 F.R. 3024, 26 C.F.R., Cum.Supp. § 81.22; Estate of Heidt v. Commissioner, 9 Cir., 170 F.2d 1021, affirming 8 T.C. 969.

■ Appellant contends that § 81.22 of Treasury Regulations 105, as amended, was inconsistent with § 811(e) of the Internal Revenue Code, as amended by § 402(b) of the Revenue Act of 1942, and hence was invalid. There is no merit in this contention. See Estate of Heidt v. Commissioner, supra.

Appellant contends that Estate of Heidt v. Commissioner, supra, was inconsistent

1. See §§ 161a and 687 of the Civil Code of California.

2. See § 161 of the Civil Code of California.

3. See § 683 of the Civil Code of California.

4. Section 811(e) of the Internal Revenue Code, as amended by § 402(b) of the Revenue Act of 1942. 26 U.S.C.A. § 811 (e), was applicable to the estates of persons dying, as decedent did, after October 21, 1942 and before January 1, 1948. See § 401 of the Revenue Act of 1942 and § 351 of the Revenue Act of 1948, 26 U.S.C.A. § 811 note.

5. Section 81.22 of Treasury Regulations 105, as amended by Treasury Decision 5239, was applicable to the estates mentioned in footnote 4.

with and was, in effect, overruled by Estate of Sullivan v. Commissioner, 9 Cir., 175 F.2d 657; Rickenberg v. Commissioner, 9 Cir., 177 F.2d 114; and Commissioner of Internal Revenue v. Mills, 9 Cir., 183 F.2d 32, 19 A.L.R.2d 856. There is no merit in this contention. The Heidt case, like the case at bar, involved § 81.22 of Treasury Regulations 105, as amended by Treasury Decision 5239. That section was not involved, mentioned or referred to in the Sullivan case, the Rickenberg case or the Mills case. Hence the Sullivan, Rickenberg and Mills cases are not in point here.

Judgment affirmed.