ESTATE OF LOUIS BARTHELEMY ALEXANDRE BORDES, DECEASED, CLEMENCE ANNE MADELEINE BORDES, MARIE THERESE JACQUELINE BEQUETTE, FERNAND FRANCOIS JOSEPH ALEXANDRE BORDES, ROSE MARIE HELENE LATAILLADE, BENEFICIARIES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27045. Promulgated March 19, 1953.

*Charles Meyer, Esq.,* and *Rene Loeb, Esq.,* for the petitioner.
*Rigmor O. Carlsen, Esq.,* for the respondent.

OPINION:

HARRON, *Judge: Issue 1.* The first issue, concerning the extent to which the community property of the decedent and his surviving spouse is includible in the decedent's gross estate, arises under section 811 (e) (2) of the Internal Revenue Code, as it applied to estates of decedents dying between October 22, 1942, and December 31, 1947. The pertinent provisions of the Code appear in the margin.[5]

The parties are in accord that the assets situated in the United States were the community property of the decedent and his surviving spouse but disagree as to the quantum of the interest therein to be included in the decedent's gross estate. It has been stipulated that no part of the property was received "as compensation for personal services actually rendered by the surviving spouse or derived originally from such compensation."

The petitioners contend, in the first instance, that the decedent's interest must be determined by reference to the laws of France; that under the regime of community of goods as established by the Civil Code of France the surviving spouse had an absolute interest and ownership in one-half of the community property, with the other half only forming a part of the decedent's estate. Therefore, since the decedent had only a one-half interest in the community property under the law of France, only a one-half interest should be included in his gross estate. In the alternative, the petitioners argue that, in any event, a percentage of the community property constituting less than one-half should be excluded from the gross estate, based upon

---

[5] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \* \*

(e) JOINT AND COMMUNITY INTERESTS.—

\* \* \* \* \* \* \*

(2) COMMUNITY INTERESTS.—To the extent of the interest therein held as community property by the decedent and surviving spouse under the law of any State, Territory, or possession of the United States, or any foreign country, except such part thereof as may be shown to have been received as compensation for personal services actually rendered by the surviving spouse or derived originally from such compensation or from separate property of the surviving spouse. In no case shall such interest included in the gross estate of the decedent be less than the value of such part of the community property as was subject to the decedent's power of testamentary disposition.

the respective contributions of the spouses to the community at the time of the marriage and the amount of the inheritance received by the surviving spouse during the marriage.

The respondent's main contention is that section 811 (e) (2) of the Code requires the inclusion in the decedent's gross estate of the entire value of the community property, except such part thereof as is clearly traceable to the separate property of the surviving spouse, and that the burden of identifying the property to be excluded rests upon the petitioners. We agree with the respondent.

The petitioners, in arguing that only one-half of the community property is includible in the decedent's gross estate because that was the extent of his interest in the property under the law of France, ignore the language and intent of the community property amendment to section 811 (e) made by section 402 (b) of the Revenue Act of 1942. With the adoption of the amendment, effective as to estates of decedents dying after October 21, 1942,[6] any part of the community property owned by a decedent and the surviving spouse, to be excluded from the gross estate, had to fall within the exceptions contained in the statute itself. *Estate of Frank D. Neumann*, 9 T. C. 1120, 1124; *Estate of Joseph H. Heidt*, 8 T. C. 969, 974, affd. per curiam 170 F. 2d 1021. The petitioners argue the law as it existed prior to the amendment. See *Estate of Paul M. Vandenhoeck*, 4 T. C. 125.

The Supreme Court, in defining the constitutionality, purpose, and effect of the community property amendment, rejected an argument similar to the one advanced by the petitioners. *Fernandez* v. *Wiener*, 326 U. S. 340; *United States* v. *Rompel*, 326 U. S. 367. We need not extend the opinion by a repetition here. What the Supreme Court said in those opinions regarding the application of section 811 (e) (2) of the Code to the estates of citizens and residents of Louisiana and Texas, respectively, applies with equal vigor to the estates of citizens and residents of France.

The petitioners' second contention is that, in any event, a percentage of the community property should be excluded from the gross estate, with the percentage determined by using as a numerator, the contribution of the surviving spouse to the community at the time of the marriage plus the amount of her inheritance during marriage, and as a denominator, the contribution of the decedent to the community at the time of the marriage.

The statute, in pertinent part, excludes from the gross estate such part of the community property "as may be shown to have been * * * derived originally * * * from separate property of the surviving spouse."

---

[6] And repealed by section 351 (a) of the Revenue Act of 1948, effective January 1, 1948.

The applicable regulations, Regulations 105, section 81.23, provide, in part, as follows:

Property derived originally * * * from separate property of the spouse includes property that may be identified as (1) income yielded * * * by such separate property, and (2) property clearly traceable (by reason of acquisition in exchange, or other derivation) * * * to such separate property, or to such income. * * * The burden of identifying the property which may be excluded from the community interest rests upon the executor.

The requirements of the regulation are reasonable and in accord with the intent of Congress.

The basic fallacy in the petitioners' argument is the assumption that the statute does not require the petitioners to identify the property they seek to exclude and trace it to what was originally the separate property of the surviving spouse. That Congress intended an identification and tracing of the property to be excluded appears clear from a literal reading of the statute and a review of its legislative history.[7] The difficult problem of tracing was one of the considerations which led Congress to repeal the community property amendment in 1948.[8]

In *Estate of Joseph H. Heidt, supra,* this Court, in passing upon the requirements of section 811 (e) (1) of the Code pertaining to joint property and community ownership transformed by the spouses into joint tenancy observed at page 976:

It is obviously necessary that the taxpayer identify the proportion of joint property which he seeks to exclude from the gross estate as derived originally from "compensation for personal services actually performed" or from "separate property" if the intendment of the statute is to be carried out.

And in *Estate of Frank D. Neumann, supra,* this Court, in construing the provision in section 811 (e) (2) of the Code excluding from the gross estate that part of the community property "shown to have been received as compensation for personal services actually rendered by the surviving spouse or derived originally from such compensation," held, that the petitioners had the burden of tracing the community property sought to be excluded from the gross estate, to the funds received by the surviving spouse as compensation for personal services rendered by her.

It is, therefore, apparent that the petitioners cannot discharge the burden imposed upon them by the statute by merely showing the

---

[7] H. Rept. No. 2333, 77th Cong., 2d Sess., pp. 35, 36, 37; S. Rept. No. 1631, 77th Cong., 2d Sess., pp. 231, 232.

[8] S. Rept. No. 1013, 80th Cong., 2d Sess. (1948), p. 27:

The "tracing problem" arises under the 1942 amendments because of the need for identifying portions of the community contributed by each spouse. Establishing the fact that particular assets of the community are derived from "compensation for personal services actually rendered by the survivor * * *," is impossible in a great many instances. Under the 1942 amendments this tracing problem is of far larger dimensions in community property states than in common law jurisdictions, where it is limited primarily to joint tenancies, tenancies by the entirety, and joint bank accounts.

respective contributions of the spouses to the community at its inception. That fact alone may bear no relation to their respective economic contributions to the assets held in the community upon its dissolution. That evidence may not be available to establish the essential facts and meet the petitioners' burden of proof does not alter the requirements of the statute, nor aid the petitioners here. See e. g. *City Bank Farmers Trust Co.*, 41 B. T. A. 1, 4. The petitioners have adduced evidence establishing, and we have found as a fact, that of the community property in dispute 100 shares of General Electric Company stock were derived originally from the separate property of the surviving spouse. Accordingly, the value as of the date of death, ($3,862.50) of 100 shares of General Electric Company stock will be excluded from the gross estate. The petitioners have failed to identify and trace to the separate property of the surviving spouse the remaining portion of the community property they seek to exclude. They have, therefore, failed in their burden of proof and the respondent's determination must be sustained.

*Issue 2.* The remaining issue is whether the estate is entitled to a proportionate deduction, under section 861 of the Code, for attorney's fees which have been paid in the amount of $12,500.

The pertinent provisions of the statute are printed in the margin.[9] The applicable regulations are Regulations 105, section 81.52. The statute and regulations provide that a proportionate amount of administration expenses, debts, etc., may be deducted from the gross estate of a nonresident not a citizen. The proportion of the expense to be deducted is determined by using as a numerator the gross estate situated in the United States, and as a denominator the entire gross estate wherever situated. In order to secure the deduction, the executor must include in the estate tax return the value at the date of death of the gross estate situated outside the United States.

The petitioners did not claim any deductions in the estate tax return. They did, however, include in the return a schedule setting forth a value at the date of death, of $312,806 for the gross estate situated outside of the United States. In support of this figure the

---

[9] SEC. 861. NET ESTATE.

(a) DEDUCTIONS ALLOWED.—For the purpose of the tax the value of the net estate shall be determined, in the case of a nonresident not a citizen of the United States, by deducting from the value of that part of his gross estate (determined as provided in section 811), which at the time of his death is situated in the United States—

(1) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—That proportion of the deductions specified in section 812 (b) (other than the deductions described in the following sentence) which the value of such part bears to the value of his entire gross estate, wherever situated. * * *

* * * * * * *

(b) CONDITION OF ALLOWANCE OF DEDUCTIONS.—No deductions shall be allowed in the case of a nonresident not a citizen of the United States unless the executor includes in the return required to be filed under section 864 the value at the time of his death of that part of the gross estate of such nonresident not situated in the United States.

petitioners offered the testimony of Dr. Held, a French advocate, who prepared the estate tax return. They argue that the estate is entitled to a proportionate deduction determined by using as a numerator the sum of $341,965, which is the value of the assets in the United States, and as a denominator the sum of $654,771, which petitioners contend is the value of the entire gross estate wherever situated.

The respondent concedes that a deduction for attorney's fees is proper but contends that the basis for determining the proportion of the expense to be allowed is not definitely ascertainable from the evidence. He argues on brief that the "partition" or distribution agreement executed by the heirs in 1948 indicates a value for the entire gross estate wherever situated at variance with the value thereof as disclosed in the estate tax return.

The value of the gross estate in the United States is not in dispute. The distribution agreement was not offered in evidence by the petitioners to establish the value of the gross estate situated outside of the United States. The petitioners rely on the testimony of Dr. Held to establish that fact. The discrepancy, if any, appears to result from the variations in the exchange rate of the French franc which the parties agree was mostly theoretical on the date of death. We have found as a fact that the petitioners included in the estate tax return the value (exclusive of the amount of the credit balance with J. P. Morgan & Co.) at the date of death of the gross estate situated outside of the United States. Further, that the estate has incurred and paid an expense of $12,500 for attorney's fees. We conclude that the estate is entitled to deduct from the gross estate a proportionate amount of the expense of $12,500 under section 861 of the Code.

The proportion, however, of the expense to be deducted from the gross estate, as computed by the petitioners, is incorrect. The petitioners in determining the value of the gross estate in the United States failed to delete the credit balance with J. P. Morgan & Co., which for the purposes of the estate tax is considered as property situated outside of the United States. See section 863 of the Internal Revenue Code. The proportion of the expense to be deducted from the gross estate will be determined in accordance with our Findings of Fact.

*Decision will be entered under Rule 50.*